Matter of Attorneys Who Are in Violation of Judiciary Law Section 468-a (2020 NY Slip Op 01972)





Matter of Attorneys Who Are in Violation of Judiciary Law Section 468-a


2020 NY Slip Op 01972


Decided on March 19, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Judith J. Gische
Barbara R. Kapnick
Angela M. Mazzarelli
Jeffrey K. Oing, Justices.


M-271

[*1]In the Matter of Attorneys Who Are in Violation of Judiciary Law Section 468-a. Attorney Grievance Committee for the First Judicial Department, Petitioner, Attorneys in Violation of Judiciary Law Section 468-a, Respondents.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department.



Jorge Dopico, Chief Attorney, Attorney Grievance
Committee, New York, for petitioner.
No appearances for respondents.



PER CURIAM


Section 468-a of the Judiciary Law requires every resident and nonresident attorney admitted to practice in the State of New York to file a biennial registration statement with the administrative office of the courts. A biennial registration fee must be paid, if applicable, at the time the statement is filed. This registration statement, which is mailed every two years by the Office of Court Administration to every attorney so admitted, must be timely filed and any applicable fees paid regardless of whether the attorney is actually engaged in the practice of law in New York or elsewhere. Attorneys who certify to the Chief Administrator of the Courts that they have retired from the practice of law are exempt from paying the registration fee at the time the statement is filed. Subdivision (5) of the statute provides further that "[n]oncompliance by an attorney with the provisions of this section and the rules promulgated hereunder shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action."
Pursuant to this provision, petitioner Attorney Grievance Committee seeks an order suspending from the practice of law certain attorneys (whose last name begins with the letters A through Z) who are in violation of the statute, in that they have failed to file the registration statement and pay the registration fee for one or more registration periods after due purported notification. This Court has previously held that failure to register or re-register, and pay the biennial registration fee constitutes professional misconduct warranting discipline (see Matter of Morgado, 159 AD3d 50 [1st Dept 2018]). Since 1997 this Court has granted similar motions and suspended attorneys en masse for such failure to register or re-register, and pay the registration fee pursuant to Judiciary Law § 468-a (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 257 AD2d 127 [1st Dept 1999]).
The attorneys in question have been duly notified of their noncompliance and given an opportunity to cure their default. The Office of Court Administration mailed or emailed each of the defaulting attorneys a biennial registration form to their last known home address, a second notice to their last known business address and, when necessary, a final notice to their home address. Attorneys who remained in default following these notices were referred to the Grievance Committee. On November 18, 2019, this Court published notice in the New York Law Journal that the Grievance Committee would institute an omnibus disciplinary proceeding seeking immediate suspension from the practice of law against those attorneys who did not cure their default by December 20, 2019. Thereafter, a list of approximately 1,430 attorneys who failed to submit satisfactory proof of registration and payment of fees was forwarded to the Committee. The Committee then filed its motion for service by publication of the notice of petition to suspend.
Pursuant to the order of this Court entered January 14, 2020, which provided for service of the petition to suspend by publication in the New York Law Journal for five consecutive days, a list of the defaulting attorneys along with their last known business addresses, was so published commencing January 21, 2020. A notice was also posted on this Court's website. The order further provided that attorneys on the default list may submit proof from the Office of Court Administration that they are in compliance with all the registration requirements (including payment of applicable registration fees), within thirty (30) days of the last date this Notice appears in the New York Law Journal, or they would be subject to a further order of the Court immediately suspending them from the practice of law in the State of New York.
The attorneys who remain in noncompliance with Judiciary Law § 468-a despite the notification process described above are the subject of the Committee's instant motion to suspend. No opposition has been filed.
Accordingly, due to the continued failure to comply with the statute, petitioner's motion to suspend such attorneys shall be granted to the extent of suspending those attorneys whose [*2]names are enumerated in the attached schedule from the practice of law in the State of New York, effective immediately.
All concur.
Orders filed. [March 17, 2020]